UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARADISE FOODS, INC.,

                Plaintiff,                No. 05-CV-73378

vs.                                            Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Defendant.
_____/

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS AND
DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on    April 7, 2006

                PRESENT:    Honorable Gerald E. Rosen
                                  United States District Judge

I. INTRODUCTION

     Plaintiff Paradise Foods, Inc. ("Paradise") filed this action in United States District Court on April 5, 2005. In its Complaint, Plaintiff Paradise requests review of the decision by the United States Department of Agriculture, Food and Nutrition Service ("FNS"), to permanently disqualify Plaintiff from participation in the Federal Food Stamp Program ("FSP"). Plaintiff's Complaint also includes claims of misrepresentation, negligent misrepresentation, and innocent misrepresentation against Defendant United States.

     This matter is presently before the Court on the Government's October 31, 2005 Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(1) for lack of jurisdiction. Plaintiff Paradise has not

responded to the Government's Motion and the time for doing so has expired. Having reviewed and considered the Government's Motion, Brief and supporting documents, and the Court's entire file of this matter, the Court has concluded that oral argument on this matter is not necessary. Therefore, pursuant to Local Court Rule 7.1(e)(2), the Government's Motion will be decided on the briefs and pleadings on file as of this date.

## II. FACTS

Plaintiff Paradise owns a small grocery store located at 7747 Puritan in Detroit, Michigan. In October of 2000, Plaintiff applied to the FNS to enroll in the FSP so that Plaintiff could allow customers to redeem food stamp benefits at the Paradise store. (Def. Mot. for Sum. J., Ex. 1A, p. 3.) The FNS approved Plaintiff's application.

On December 2, 2002, the FNS charged Plaintiff Paradise with food stamp trafficking and initiated administrative proceedings against Paradise. (Def. Mot. for Sum. J., Ex. 1A, p. 9.) On January 6, 2003, the FNS permanently disqualified Plaintiff Paradise from participation in the FSP. (Def. Mot. for Sum. J., Ex. 1A, p. 52.) Plaintiff Paradise timely appealed the FNS decision to the Administrative Review Division of the FNS. (Def. Mot. for Sum. J., Ex. 1A, p. 55.) On July 7, 2003, the Administrative Review Division of the FNS affirmed the decision to permanently disqualify Plaintiff Paradise from the FSP. (Def. Mot. for Sum. J., Ex. 1B, p. 81.)

On April 5, 2005, Plaintiff Paradise filed its request for judicial review of the decision by the FNS.

## III. DISCUSSION

Plaintiff's Complaint requests judicial review of the FNS decision and alleges tort claims against the Defendant United States. For the reasons explained below, this Court will grant the

Government's Motion to Dismiss on all of Plaintiff's claims.

**A. Subject Matter Jurisdiction For Requested Review Of The FNS Decision**

Plaintiff Paradise received the final determination of its administrative proceedings before the FNS on July 11, 2003.  (Def. Mot. for Sum. J., Ex. 1B, p. 80-85.)  On April 5, 2005, roughly one year and nine months after receipt of the final determination, Plaintiff filed with this Court for judicial review.

In 7 U.S.C. § 2023, Congress has expressly stated the jurisdictional requirements for a federal court to review the administrative decisions relating to the FSP.

> If the store ... feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides ... within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023 (a)(13) (emphasis added).  Congress defines the conditions under which the United States will consent to be sued, and where the statute contains restrictions on the court's jurisdiction, the court may not disregard those restrictions.  Kendall v. United States, 107 U.S. 123 125, 2 S.Ct. 277, 278 (1883).  The statute may restrict the time for filing suit, and where the "express words of the statute leave no room for contention," the court must not disregard the time restrictions.  Id.

In Reason v. Heslin, 723 F.Supp. 1309, 1311 (S.D.Ind. 1989), the court held the thirty day limitation in 7 U.S.C. § 2023 (a)(13) is "the very basis of Congress' grant of jurisdiction" allowing the plaintiff to sue the United States.  The court further explained "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." Id.

(quoting Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820 (1983)).  See also Johnson v. U.S. Postal Service, 64 F.3d 233, 237 (6th Cir.1995) (Sixth Circuit refused to equitably toll the thirty day time limit for discrimination claim and affirmed the dismissal of complaint seeking judicial review filed after the thirty day time limit passed).

Plaintiff's request for judicial review was filed approximately one year and eight months after the expiration of the thirty day time limit.  It follows, therefore, that Plaintiff's petition for review of the FNS decision must be dismissed for lack of subject matter jurisdiction.

**B. Subject Matter Jurisdiction for Plaintiff's Tort Claims**

Plaintiff's Complaint also includes tort claims for damages for misrepresentation, innocent misrepresentation, and negligent misrepresentation.  All claims stem from the FNS administrative proceedings that disqualified Plaintiff Paradise from the FSP.

The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (the "FTCA"), imposes certain conditions on plalintiffs seeking to sue the United States, federal government agencies and employees.  One key condition is the requirement that before initiating a judicial action, the plaintiff must first present an administrative claim to the responsible federal agency and obtain a final disposition of that claim.

Section 2675 of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposed of this section.

28 U.S.C. § 2675 (a) (emphasis added).

The language of the statute is explicit: no suit may be brought until the federal agency has made a final disposition of the claim or six months have elapsed since the claim was filed.

In McNeil v. United States, 508 U.S. 106, 113 S. Ct. 1980 (1993), the Supreme Court unequivocally held that the FTCA's exhaustion provision states a jurisdictional requirement, rather than merely a procedural technicality or otherwise waivable condition. In McNeil, the plaintiff argued that his premature filing of an action was cured by the denial of his administrative claim before any "substantial progress" was made in the litigation. 113 S. Ct. at 1983. The Court rejected this argument, citing the unambiguous language of the FTCA's exhaustion provision:

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straight-forward statutory command.

McNeil, 113 S. Ct. at 1983-84 (footnote omitted). Thus, the Court concluded that the district court had properly dismissed the plaintiff's premature action for want of jurisdiction. McNeil, 113 S. Ct. at 1984; see also Richardson v. United States, 831 F. Supp. 657 (N.D. Ind. 1993) (construing McNeil as leaving no discretion to a district court confronted with a failure to exhaust administrative remedies).

In the present case, Plaintiff Paradise has neither alleged nor shown that its claims for damages have ever been presented to the Department of Agriculture or the FNS. Because the FTCA's exhaustion provision states a jurisdictional requirement, Plaintiff's failure to exhaust his

administrative remedies with respect to his claims against the FNS prior to commencement of this action divests this Court of subject matter jurisdiction over this action.  It follows, therefore, that Defendant's Motion to Dismiss must be granted, and that Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

To the extent that Plaintiff's claims arise from misrepresentation, the FTCA provides that the United States does not waive sovereign immunity with respect to misrepresentation claims:

> The provisions of this chapter and section 1346(b) of this title <u>shall not apply to</u>--
> ...
> (h) <u>Any claim arising out of</u> assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, <u>misrepresentation</u>, deceit, or interference with contract rights ...

28 U.S.C. § 2680 (h) (emphasis added).  In <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991), the Sixth Circuit held that the FTCA "does not waive the sovereign immunity of the United States with respect to claims predicated upon misrepresentations."

It follows, therefore, that Defendant's Motion to Dismiss must be granted, and that Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

## IV. <u>CONCLUSION</u>

For all the foregoing reasons,

6

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that this case be, and hereby is, DISMISSED for lack of jurisdiction. This dismissal is without prejudice as to Plaintiff Paradise's right to re-file its tort claims after Paradise fully exhausts the administrative remedies.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: April 7, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 7, 2006, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager